[Cite as *State v. Hammond*, 2013-Ohio-1693.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

STATE OF OHIO

      Plaintiff-Appellant

v.

AARON K. HAMMOND, SR.

      Defendant-Appellee


Appellate Case No.    2012-CA-0057

Trial Court Case No.   2011-CR-791

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

## O P I N I O N

Rendered on the 26th day of April, 2013.

. . . . . . . . . . .


LISA M. FANNIN, Atty. Reg. No. 82337, Assistant Clark County Prosecutor, 50 E. Columbia Street, P.O. Box 1608, Springfield, Ohio 45501
      Attorney for Plaintiff-Appellee

BRETT A. RINEHART, Atty. Reg. No. 81226, 150 N. Limestone Street, Suite 206, Springfield , Ohio 45501
      Attorney for Defendant-Appellant

AARON K. HAMMOND, SR., Inmate No.667-788, London Correctional Facility, P.O. Box 740, London, Ohio 43140

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} On November 7, 2011, defendant-appellant, Aaron K. Hammond, Sr., was indicted on five counts of Sexual Battery in violation of R.C. 2907.03(A)(5) and one count of Unlawful Sexual Conduct with a Minor in violation of R.C. 2907.04(A). Hammond entered into a plea agreement whereby he pleaded guilty to Unlawful Sexual Conduct with a Minor, a felony of the fourth degree. Pursuant to the plea agreement, the remaining five counts of Sexual Battery were dismissed. The trial court ordered a pre-sentence investigation to be conducted, and after reviewing the pre-sentence investigation report, the trial court sentenced Hammond to the maximum penalty of 18 months in prison. Hammond then appealed his sentence.

{¶ 2} Hammond's appointed counsel filed an appellate brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.2d 493 (1967), concluding that there are no meritorious issues for appeal, and asserting one possible assignment of error. On December 21, 2012, this Court granted Hammond 60 days in which to file a *pro se* brief assigning any errors for the Court's review. Hammond did not file a brief.

{¶ 3} This district previously noted in *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 7-8, that:

We are charged by *Anders* to determine whether any issues involving potentially reversible error that are raised by appellate counsel or by a defendant in his pro se brief are "wholly frivolous." * * * If we find that any issue presented or which an independent analysis reveals is not wholly frivolous, we must appoint different appellate counsel to represent the defendant.* * *

*Anders* equates a frivolous appeal with one that presents issues lacking in

arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal. An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal. * * *

**{¶ 4}** Hammond's sole possible assignment of error is as follows:

The Trial Judge Did Not Consider All Necessary Factors Prior to Determining the Sentence to the Detriment of Appellant

**{¶ 5}** Pursuant to R.C. 2929.12(A), when imposing a sentence for a felony, a court "shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, and the factors set forth in division (F) of this section pertaining to the offender's service in the armed forces of the United States and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing." R.C. 2929.12(A).

**{¶ 6}** The record in this case establishes that the trial court reviewed all the required, applicable factors at Hammond's disposition hearing. The trial court stated:

In reviewing the factors set forth in the statute for felonies of the fourth degree, under 2929.12(B), it's obvious the Defendant's relationship with the victim facilitated the offense, Defendant being the victim's father.

Under 2929.12(C), it does appear he did not expect to cause any physical harm to persons or property.

As to recidivism factors, under 2929.12(D), the Court finds that the

Defendant was under a sanction imposed pursuant to the sentencing statutes of this state and that at the time of the offense he was under community control sanction for a prior conviction of burglary. His record does indicate previous adjudications as a delinquent child and history of prior criminal convictions.

* * *

As to 2929.12(E), recidivism factors which would indicate recidivsm less likely, I find none of those present. Disposition Hearing Transcript (Aug. 14, 2012), pp. 8-10.

{¶ 7} The trial court addressed all the required factors set forth in R.C. 2929.12 with the exception of the factor listed in section (F). This factor states:

The sentencing court shall consider the offender's military service record and whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses. R.C. 2929.12(F).

{¶ 8} In this case, the record does not indicate that Hammond served in the military or that any such service was a contributing factor to Hammond's offense. The factor set forth in R.C. 2929.12(F) is therefore inapplicable, and it was unnecessary for the trial court to consider it. Because the record establishes that the trial court considered all the other factors set forth in R.C. 2929.12(A), Hammond's sole possible assignment of error is frivolous and is overruled.

{¶ 9} Pursuant to our responsibilities under *Anders*, we have conducted an independent review of the entire record and, having done so, we agree with the appointed counsel that there are no meritorious issues to present on appeal. Accordingly, the judgment of the trial court is

affirmed.

. . . . . . . . . . . . .

FROELICH and HALL, JJ., concur.

Copies mailed to:

Lisa M. Fannin
Brett A. Rinehart
Aaron K. Hammond, Sr.
Hon. Richard J. O'Neill